UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 1, 2020

MEMORANDUM TO COUNSEL RE:   Eric Jones v. Joshua Jordan, et al.
                            Civil Action No. GLR-16-2662

Dear Counsel:

Pending before the Court is Defendants Joshua Jordan and Russell J. Tonks' Motion for Reconsideration (ECF No. 120). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

This civil rights action arises from Plaintiff Eric Jones' August 17, 2014 encounter with Officers Joshua Jordan and Russell J. Tonks (collectively, "Officer Defendants"), who allegedly stopped, searched, and arrested Jones using excessive force and without reasonable suspicion or probable cause. (See Am. Compl. ¶¶ 25–44, ECF No. 21).

On July 22, 2016, Jones sued Officer Defendants, former Police Chief Anthony W. Batts, the Baltimore Police Department ("BPD"), Unknown Individual Officers, and Unknown BPD Supervisors. (ECF No. 1). Jones filed an Amended Complaint on October 25, 2016 supplementing his factual allegations and alleging: direct liability for violation of the Fourth and Fourteenth Amendments to the U.S. Constitution for unlawful search and seizure pursuant to 42 U.S.C. § 1983 (Count I); municipal liability for violation of the Fourth and Fourteenth Amendments under § 1983 (Count II); supervisory liability for violation of the Fourth and Fourteenth Amendments under § 1983 (Count III); bystander liability for violation of the Fourth and Fourteenth Amendments under § 1983 (Count IV); violation of the Maryland Declaration of Rights (Count V); malicious prosecution (Count VI); assault and battery (Count VII); false imprisonment (Count VIII); and false arrest (Count IX). (Am. Compl. ¶¶ 95–149).

On December 14, 2018, Officer Defendants filed a Motion for Summary Judgment. (ECF No. 94). Jones filed an Opposition and Cross-Motion for Partial Summary Judgment on January 11, 2019. (ECF No. 104). After the motions were fully briefed, this Court issued a Memorandum Opinion and Order on September 13, 2019 denying both motions. (ECF Nos. 116, 117). On September 19, 2019, Officer Defendants filed a Motion for Reconsideration. (ECF No. 120). Jones filed an Opposition on September 26, 2019. (ECF No. 121). Officer Defendants filed a Reply on October 10, 2019. (ECF No. 125).

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir.), cert. denied, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be

construed as a motion to alter or amend judgment under Rule 59(e), or a motion for relief from judgment under Rule 60(b). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 278–80 (4th Cir. 2008). By contrast, Rule 60(a) is "used 'to perform a completely ministerial task[,]' such as 'making a judgment more specific in the face of an original omission' but not to 'revisit the merits of the question' or 'reconsider the matter.'" Rhodes v. Hartford Fire Ins. Co., 548 F.App'x 857, 859 (4th Cir. 2013) (quoting Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994)).

Officer Defendants contend that reconsideration is warranted under Rules 60(a) and 60(b) because Jones failed to rebut, thereby conceding, that Officer Defendants are entitled to qualified immunity on Counts I and IV and that Count VII is barred by the statute of limitations. Officer Defendants also argue that the Court failed to consider their qualified immunity and statute of limitations arguments in its September 13, 2019 Opinion. The Court disagrees.

A party seeking relief under Rule 60(b) must first establish "timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." Mizrach v. United States, No. WDQ-11-1153, 2015 WL 7012658, at *4 (D.Md. Nov. 12, 2015) (citing Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). Only after the movant has made that preliminary showing will the court consider the basis for the motion, which must allege mistake, newly discovered evidence, fraud, invalidity of the judgment, or "any other reason that justifies relief." Fed.R.Civ.P. 60(b).

Officer Defendants argue that Rule 60(b)'s catch-all provision warrants reconsideration of this Court's decision. However, contrary to Officer Defendants' assertion, neither Jones nor the Court failed to consider their qualified immunity and statute of limitation arguments, thereby justifying relief under Rule 60(b).

In opposition to Officer Defendants' motion for summary judgment, Jones squarely addressed their qualified immunity claim, stating:

> [Officer] Defendants are not entitled to qualified immunity as they failed to follow the guidelines permitted Police Officers when investigating possible improper conduct. They mistake a permissible field interview in which a party is free to not respond and is free to leave, which only requires reasonable articulable suspicion and a stop where they effectively detain someone, and they are not free to leave. In the latter they are required to have probable cause to so detain. [Officer] Defendants' joint actions amounted to an immediate detention and arrest of the Plaintiff which effectively violated his civil and constitutional rights from the moment they began to order him to obey their instructions.

(Pl.'s Opp'n Defs.' Mot. Summ. J. at 21, ECF No. 104-1). Thus, any allegation that Jones failed to rebut the qualified immunity argument is demonstrably false and does not provide a basis for reconsideration under Rule 60(b).[1]

---

[1] In their Reply, Officer Defendants characterize Jones' rebuttal as "scant," and assert that Jones failed to meet his "duty to rebut the argument" and that their "qualified immunity argument deserved Plaintiff's attention and a more fulsome debate and analysis." (Defs.' Reply Pl.'s Opp'n Defs.' Mot Recons. at 1–2, 4, ECF No. 125). However, Officer Defendants' dissatisfaction with

For the Court's part, there was no need to engage in a substantive analysis of Officer Defendants' qualified immunity argument. It is well-settled that government officials performing discretionary functions are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a government official is entitled to qualified immunity, the Court "'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all,'" before determining "'whether that right was clearly established at the time of the alleged violation.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1999)).

Here, the Court could not determine if Officer Defendants were entitled to qualified immunity at the summary judgment stage, because the facts supporting Jones' Fourth and Fourteenth Amendment claims are hotly contested. As to Count I, this Court concluded that "genuine disputes of material fact exist as to whether: (1) Officer Defendants had reasonable articulable suspicion to stop Jones; and (2) as to whether Officer Defendants used excessive force in detaining Jones." (Memo. Op. at 13, ECF No. 116). Similarly, as to Count IV, this Court concluded that "[b]ecause a genuine dispute of material fact exists as to whether Jones had contraband on his person at the time of his arrest, the Court cannot decide as a matter of law whether [his] Fourteenth Amendment due process rights were violated." (Id. at 14). Given these factual disputes, resolution of Officer Defendants' qualified immunity claim on summary judgment would have been inappropriate. See Hupp v. Cook, 931 F.3d 307, 318 (4th Cir. 2019) ("The question of whether a reasonable officer would have known that the conduct at issue violated [a constitutional] right . . . cannot be decided on summary judgment if disputes of the historical facts exist."). The Court will not reconsider a qualified immunity claim that it was unable to resolve at the summary judgment stage, and Officer Defendants' Motion is an impermissible attempt to relitigate the matter under Rule 60(b). See Sewell v. Strayer Univ., No. DKC 12-2927, 2014 WL 12741336, at *1 (D.Md. Sept. 18, 2014) (noting that dissatisfied litigants may not use Rule 60(b) to relitigate issues).

Lastly, Officer Defendants' assertion that Jones and this Court failed to address their statute of limitations argument is without merit. As Jones correctly notes, Officer Defendants did not raise this argument in their motion for summary judgment but did so, for the first time, in their reply. (See Mem. Supp. Defs' Opp'n Pl.'s Cross Mot. Summ. J. at 8 n.7, 22, ECF No. 111-1). Thus, Jones could not respond to this argument without seeking leave of court to file a surreply. See Local Rule 105.2(a) (D.Md. 2018); see also Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003) (explaining that "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply"), aff'd, 85 F.App'x 960 (4th Cir. 2004). Moreover, federal courts typically do not consider an argument raised for the first time in a reply brief or memorandum. See United States v. Freeman, No. PWG-16-197, 2016 WL 6582645, at *4 (D.Md. Nov. 7, 2016). Officer Defendants are not entitled to reconsideration of an issue that they failed to raise in their motion for summary judgment. See, e.g., Villalta v. B.K. Trucking & Warehousing, L.L.C., No. DKC 2007-1184, 2008 WL 11366399,

---

the thoroughness of Jones' counter argument does not provide a basis for reconsideration under Rule 60(b).

at *2 (D.Md. Aug. 19, 2008) (declining to reconsider defendants' request to dismiss plaintiff's claim for punitive damages because defendants did not raise the argument in their underlying motion).

In sum, Officer Defendants are not entitled to reconsideration of this Court's September 13, 2019 decision under Rule 60(b) because Jones addressed Officer Defendants' qualified immunity argument, and the factual disputes precluded the Court from determining whether Officer Defendants were entitled to summary judgment. Moreover, Officer Defendants' statute of limitations claim was not properly presented to this Court. Officer Defendants are similarly not entitled to relief under Rule 60(a), having failed to establish an omission or oversight by this Court. Accordingly, the Court will deny Officer Defendants' Motion for Reconsideration.

For the foregoing reasons, Defendants' Motion for Reconsideration (ECF No. 120) is DENIED. The Court DIRECTS the parties to file a joint status report addressing the four points outlined below within seven days:

1. Whether the parties would like to participate in a mediation;

2. Whether the parties object to having the case transferred to a U.S. Magistrate Judge for all further proceedings;

3. The trial's likely duration;

4.  Any other issues the parties wish to bring to the Court's attention.

The Court will contact the parties to schedule a teleconference to discuss pretrial and trial scheduling.

Despite the informal nature of this memorandum, it shall constitute an order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge